IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JO NIE,<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,<br><br>Defendant. | Law No. 1:24-cv-37<br><br><br><br>COMPLAINT |

COMES NOW the Plaintiff, Jo Nie, and submits the following in support of her cause of action against Lincoln Life Assurance Company of Boston:

1. This is an action brought pursuant to 29 U.S.C. Section 1132(a)(1)(B) in order to recover benefits due under the terms of a disability plan.

2. At all times relevant to these proceedings Jo Nie was a resident of Cedar Rapids, Linn County, Iowa.

3. At all times relevant to these proceedings Lincoln Life Assurance Company of Boston (hereinafter "Lincoln") was an insurance carrier licensed to do business in the state of Iowa and engaged in the business of issuing insurance policies that cover Iowa residents.

4. Between November 3, 2015 and September 27, 2021 Plaintiff was employed by Mercy Medical Center in Dubuque, Iowa as a Clinical Document Specialist.

5. As a benefit of her employment with Mercy Medical Center, Plaintiff was covered by a disability insurance policy (hereinafter "the Plan") issued by Lincoln.

6. Plaintiff last worked for Mercy Medical Center on September 28, 2021.

7. Plaintiff stopped working on September 28, 2021 due primarily to a diagnosis of Meniere's disease.

8. Plaintiff applied for short term disability benefits, and those were approved and paid by Lincoln through December 27, 2021, the 90 day maximum duration of those benefits.

9. Plaintiff subsequently submitted a claim for long term disability benefits, and those were approved and paid by Lincoln from December 28, 2021 through September 27, 2022.

10. The Plan definition of disability applicable to short term disability benefits is the same definition that is applicable to the initial period of long term disability benefits. For both, Plaintiff was required to submit evidence that she was unable to do one or more of the essential functions of the job she held at Mercy Medical Center.

11. As initial support for her long term disability claim, Plaintiff submitted an Attending Physician's Statement signed by her primary care provider, Dr. Karen Gisselman, on December 7, 2021.

12. On the Attending Physician Statement she completed on December 7, 2021, Dr. Gisselman indicated that Plaintiff was suffering from Meniere's disease with the following symptoms: "Difficulty performing every day tasks of living. Having bad dreams, headaches, vertigo, tinnitus and nausea. Left decreased vision and a vitreous tear."

13. On the Attending Physician Statement she completed on December 7, 2021, Dr. Gisselman indicated that Plaintiff "cannot bend forward" and that she should limit most physical activities to only an "occasional basis."

14. On the Attending Physician Statement she completed on December 7, 2021, Dr. Gisselman indicated that Plaintiff was unable to complete any physical activities "when having vertigo symptoms."

15. Lincoln approved Plaintiff's claim for long term disability benefits on December 16, 2021, shortly after Lincoln received Dr. Gisselman's Attending Physician Statement.

16. The symptoms associated with Plaintiff's Meniere's disease have never improved since December 7, 2021.

17. At no point subsequent to December 7, 2021 has Dr. Gisselman indicated that Plaintiff was able to return to work.

18. On October 8, 2022 Lincoln sent Plaintiff a letter terminating her long term disability benefits effective September 15, 2022.

19. When Lincoln terminated Plaintiff's long term disability benefits on October 8, 2022, the same Plan definition of disability applied as when Lincoln approved Plaintiff's application for long term disability benefits on December 16, 2021.

20. Plaintiff submitted a timely appeal from Lincoln's denial on June 6, 2023.

21. In support of her appeal, Plaintiff submitted an updated opinion letter signed by Dr. Gisselman on May 31, 2023.

22. In the opinion letter that she signed on May 31, 2023, Dr. Gisselman indicated that it remained her opinion that Plaintiff was unable to work.

23. In the opinion letter that she signed on May 31, 2023, Dr. Gisselman indicated that, if Plaintiff were to attempt to work, Plaintiff would be need to take "at least 2-3" unscheduled breaks daily that "might last 30 minutes" in order for Plaintiff's vertigo symptoms to resolve.

24. In the opinion letter that she signed on May 31, 2023, Dr. Gisselman indicated that, if Plaintiff were to attempt to work, Plaintiff would miss full days of work due to her symptoms on a weekly basis.

25. While Lincoln's review of Plaintiff's appeal was pending, Plaintiff submitted an additional letter of support authored by another treating specialist, Dr. Shane Galishus, on July 12, 2023.

26. In the letter that he wrote on July 12, 2023, Dr. Galishus opined that Plaintiff's Meniere's disease was causing "worsening balance and vertiginous events resulting in difficulty in daily living."

27. In the letter that he wrote on July 12, 2023, Dr. Galishus also indicated that the symptoms associated with Plaintiff's Meniere's disease "made it difficult for her to maintain supportive work and also has affected her ability to even do sedentary jobs due to the episodic and unpredictable nature of her Meniere's attacks."

28. On July 14, 2023, Lincoln sent a letter to Plaintiff affirming Lincoln's decision to terminate Plaintiff's long term disability benefits.

29. Lincoln had a duty under the Plan to provide long term disability benefits to Plaintiff if she provided proof that she met the Plan definition of disability.

30. Plaintiff provided proof that she met the Plan definition of disability.

31. At the time Lincoln made the decision to terminate Plaintiff's long term disability benefits on October 18, 2022, Lincoln was not in possession of any opinions from any of Plaintiff's treating physicians indicating Plaintiff was able to return to work.

32. At the time Lincoln upheld the decision to terminate Plaintiff's long term disability benefits on July 14, 2023, Lincoln was not in possession of any opinions from any of Plaintiff's treating physicians indicating Plaintiff was able to return to work.

33. Lincoln acted unreasonably in terminating Plaintiff's long term disability benefits.

34. Plaintiff has exhausted all of her administrative remedies.

WHEREFORE the Plaintiff, Jo Nie, respectfully requests that this Court enter judgment in her favor, and against the Defendant, Lincoln Life Assurance Company of Boston, in an amount commensurate with the long term disability benefits she has been denied. The Plaintiff further requests attorney fees, interest and the costs of this action.

Jason D. Neifert AT0005681
NEIFERT, BYRNE & OZGA, P.C.
1441 – 29th Street, Suite 111
West Des Moines, IA 50266
Telephone: 515-226-2117
Facsimile: 515-226-2497
JNeifert@nbolawfirm.com

ATTORNEY FOR PLAINTIFF