# MATERIALS THE CLERK OF COURT
# IS TO PROVIDE TO PARTIES WHO FILE
# ERISA ACTIONS
# IN THE NORTHERN DISTRICT OF IOWA ON OR AFTER
# January 1, 2008

1. Notice to Parties in ERISA Cases
2. Proposed Scheduling Order for a Claim-Review Case Filed Under ERISA
3. Local Rule 10
4. Local Rule 73
5. Notice, Consent and Order of Reference
6. Waiver of Service of Summons
7. Notice of Lawsuit and Request for Waiver
8. Local Rule 41
9. ECF Attorney Registration Instructions
10. Privacy
11. Local Rule 7.1 – Disclosure Statement
12. Corporate Disclosure Statement
13. Citizenship Disclosure Statement – Diversity FRCP 7.1(a)(2)*

*Citizenship Disclosure Statement – Diversity has been added to this case packet. See FRCP 7.1(a)(2)

Revised 3/5/2024

**NOTICE TO PARTIES IN ERISA CASES**

Because this case was filed as a claim-review case under ERISA, the standard proposed scheduling order and discovery plan should not be submitted to the court. *See* LR 16(d)(1). Instead, Local Rule 16(h) applies in this matter. Within 90 days after the filing of the complaint, the parties must confer and submit to the Clerk of Court for approval by a magistrate judge a proposed scheduling order setting forth deadlines for the filing of the administrative record and briefs. *See* LR 16(h). A form proposed scheduling order for claim-review cases filed under ERISA is included within this new case packet. Such form is also available on the court's website.

If a proposed scheduling order for claim-review cases filed under ERISA is not submitted to the Clerk of Court as required by the Local Rules, the case is subject to dismissal pursuant to Local Rule 41(a)(4).

If you believe the form proposed scheduling order for claim-review cases filed under ERISA is inappropriate or inadequate in this case or if you believe the standard proposed scheduling order and discovery plan should be used, you should file an appropriate motion.

Ordinarily, the parties should not file a motion for summary judgment in claim-review cases filed under ERISA. *See* LR 56(h).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
DISTRICT DIVISION

| | |
|---|---|
| Plf Name(s),<br><br>Plaintiff(s),<br><br>vs.<br><br>Def Name(s),<br>Defendant(s). | CASE NO. Case # __________<br><br>PROPOSED SCHEDULING ORDER FOR A CLAIM-REVIEW CASE FILED UNDER ERISA |

The parties conferred regarding the schedule in this matter and submit the following proposed dates for case management.

1. Deadline for filing the administrative record: Admin Record Date
2. Deadline for filing of brief by Plaintiff(s): Plf Brief
3. Deadline for filing of brief by Defendant(s): Def Brief
4. Deadline for filing of reply brief by Plaintiff(s): Plf Reply Brief

Additionally, having considered the Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form that the court provided in the new case packet, the parties:

1. unanimously consent to have a United States Magistrate Judge conduct all proceedings in this civil action and to order the entry of final judgment in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule 73 by checking this box ☐; or

2. decline to consent to the exercise of jurisdiction in this civil action by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule 73 by checking this box ☐.

Plaintiff(s): Name
Address: Address
Address
Telephone: Phone
Email address: Email

Defendant(s): Name
Address: Address
Address
Telephone: Phone
Email address: Email

Plaintiff(s): Name
Address: Address
Address
Telephone: Phone
Email address: Email

Defendant(s): Name
Address: Address
Address
Telephone: Phone
Email address: Email

Third-Party Defendant\Other:
Address: Address
Address
Telephone: Phone
Email address: Email

## LR 10 FORM OF DOCUMENTS FILED WITH THE COURT; CITATIONS TO STATUTES; PERSONAL IDENTIFIERS

a. **Size.** All documents filed with the court in paper form must be on 8.5 inch x 11 inch size paper. All electronic filings must be similarly formatted.

b. **Form.** All documents filed with the court must be in the following form:

1. Double spaced;
2. Printed on only one side of the page; and
3. Have a top margin of at least 1 inch on each page.
4. A brief more than 10 pages in length must include, on the first page, a subject matter table of contents.

Documents more than 1 page in length must be numbered at the bottom of each page. Exhibits included in an appendix or attached to a pleading, motion, or brief must be imaged or reproduced in a clear, legible, and high-quality form.

c. **Documents Filed in Paper Form.** To facilitate electronic imaging, a document filed non-electronically must be delivered to the Clerk of Court with no tabs, staples, or permanent clips, but may be organized with paperclips, clamps, or some other type of temporary fastener, or delivered to the Clerk of Court in an expandable file folder, except as follows:

1. Transcripts may be bound.
2. Copies of exhibits may be provided to the court in a notebook.
3. If a motion, resistance, or reply, together with any supporting filings, totals more than 100 pages in length and is filed electronically, within 7 days after the document is filed, the filer must deliver to the Clerk of Court, for use by the presiding judge, a paper copy of the motion, resistance, or reply, together with any supporting filings, reproduced on one side of the page, bound or fastened at the left margin, and tabbed to facilitate ready reference.

d. **Captions.** Captions of filings must include the district and division in which the case is filed, the case number, the names of the litigants in the manner prescribed in Federal Rule of Civil Procedure 10(a), and a designation of the content, and must specify clearly the party filing the document.

e. **Consolidated Cases.** If 2 or more cases have been consolidated, the caption on all filings in the cases must be in the name of the lead case, but also must include the case numbers of all other member cases. If 2 or more cases have been consolidated for pretrial purposes only, the caption on all filings in the cases must include the full captions of all member cases.

f. **Return of Copies by Mail.** If a party requests that a copy of a document filed in paper form be returned by mail, the party must deliver to the Clerk of Court a self-addressed, stamped envelope, with proper postage, and large enough to accommodate the requested copy.

g. **Personal Data Identifiers.** Unless otherwise permitted or required by law, a party filing a document containing personal data identifiers should, unless the document is filed under seal, modify or partially redact the document to prevent disclosure of the identifiers. (*See* Fed. R. Civ. P. 5.2(a)). Personal data identifiers include the following:

1. Social Security numbers;
2. Dates of birth;
3. Names of minors (anyone under the age of 18);
4. Financial account numbers; and
5. Taxpayer identification numbers.

By way of example, and not limitation, if the Social Security number of an individual must be included in a document, only the last four digits of that number should be used. If an individual's date of birth is necessary, only the year should be used. If a minor must be mentioned, only that minor's initials should be used. If financial account numbers are relevant, only incomplete numbers should be recited in the document.

In addition, parties should exercise caution when filing unsealed documents that contain the following information:

6. Other personal identifying numbers, such as driver's license numbers;
7. Information concerning medical treatment or diagnosis (which includes mental health and substance abuse information);
8. Employment history;
9. Personal financial information;
10. Proprietary or trade secret information;
11. Information concerning a person's cooperation with the government;
12. Information concerning crime victims;
13. Sensitive security information;
14. Home addresses;
15. Telephone numbers;
16. Email addresses.

It is the responsibility of counsel and the parties to assure that appropriate redactions from documents have been made before they are filed; the Clerk of Court will not review filings to determine whether such redactions have been made.

## LR 73 CONDUCT OF TRIALS AND DISPOSITION OF CIVIL CASES BY MAGISTRATE JUDGES UPON CONSENT OF THE PARTIES – 28 U.S.C. § 636(c)

Upon consent of the parties and the entry of an order of referral by a district court judge, magistrate judges are hereby specifically designated, pursuant to 28 U.S.C. § 636(c), to conduct trials and otherwise dispose of any civil case filed in the court. After an order of referral is entered in a case, a magistrate judge may conduct all proceedings in the case, including the conduct of a jury or nonjury trial, and may order the entry of a final judgment in accordance with 28 U.S.C. § 636(c). In the course of conducting such proceedings, a magistrate judge may hear and determine any pretrial and post-trial motions, including case-dispositive motions.

# UNITED STATES DISTRICT COURT

for the

| | | |
|---|---|---|
| _____________________ *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| _____________________ *Defendant* | ) | |

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability*. A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority*. The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Printed names of parties and attorneys* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _______________

_____________________________
*District Judge's signature*

_____________________________
*Printed name and title*

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

# UNITED STATES DISTRICT COURT
for the

| | | |
|---|---|---|
| _______________ *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| _______________ *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: ______________________________
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from ______________, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: __________

______________________________
*Signature of the attorney or unrepresented party*

______________________________
*Printed name of party waiving service of summons*

______________________________
*Printed name*

______________________________
*Address*

______________________________
*E-mail address*

______________________________
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# UNITED STATES DISTRICT COURT

for the

| | | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: ______________________________

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within _____ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: ____________________

______________________________
*Signature of the attorney or unrepresented party*

______________________________
*Printed name*

______________________________
*Address*

______________________________
*E-mail address*

______________________________
*Telephone number*

## LR 41 DISMISSALS OF ACTIONS

a. **Involuntary Dismissals.** After giving the parties the notice prescribed in section (c) of this rule, the Clerk of Court will, in the following circumstances, enter an order dismissing a civil action without prejudice:

1. Where service has not been made on any defendant within 90 days after the filing of the complaint, and the plaintiff has failed to file a statement in writing within 97 days after the filing of the complaint setting forth good cause for why service has not been made; or

2. As to a particular defendant, where service has been made upon that defendant and neither an answer nor a request for other action has been filed as to that defendant within 30 days after the date the answer was due; or

3. Where a default has been entered and a motion for entry of judgment by default in accordance with Federal Rule of Civil Procedure 55(b) has not been made within 30 days after the entry of default, unless the plaintiff advises the Clerk of Court that further court action is necessary before a default judgment can be sought; or

4. Where a deadline set for the performance of any act required by the Federal Rules of Civil Procedure, the Local Rules, or an order of the court has been exceeded by more than 30 days and an extension of time has been neither requested nor granted.

b. **Dismissal of Settled Cases.** The Clerk of Court may, for internal statistical purposes, immediately close a case upon being advised by one or more of the parties that the action has been settled. Within 30 days after advising the court that an action has been settled, the parties must file such documents as are required to terminate the action. If the parties fail to do so, the Clerk of Court may, after giving the parties the notice prescribed in section (c) of this rule, enter an order dismissing the action with prejudice.

Either party may seek reinstatement of a case dismissed under this section within 60 days after the date of the dismissal order by serving and filing a motion to reinstate the case. The motion must show good cause as to why the settlement was not consummated. This paragraph does not diminish any obligation of a party to perform under an otherwise enforceable settlement agreement.

c. **Notification by Clerk of Court.** At least 14 days before dismissing a case pursuant to section (a) or (b) of this rule, the Clerk of Court will mail or electronically transmit a notice and a copy of this rule to all counsel of record and any pro se parties. The notice will state that the case will be dismissed unless, by the deadline specified in the notice, either the required action is taken or good cause is shown for not dismissing the case.

This rule does not restrict the authority of the court to dismiss a case, with or without prejudice, for good cause. Good cause could include the failure of a party to comply with the Federal Rules of Civil Procedure, the Local Rules, or an order of the court.

HOW TO REGISTER FOR A CM/ECF NEXTGEN ACCOUNT THROUGH PACER.GOV (with an individual or upgraded PACER account)

1. Navigate to PACER. gov
2. Click on My Account & Billing




3. Click on Manage My Account Login




4. Click Log in to Manage My Account



5. Enter your PACER Username and Password, click Login




6. Click on the Maintenance Tab




Click on Attorney Admissions/E-File Registration

7. Court Type - U.S. District Courts
   Court - Iowa Northern District – *make sure you do NOT select Bankruptcy Court*




   Click Next

8. Click on E-File Registration Only




9. Complete all of the information requested on the following pages. When you have completed the questions and submitted your registration, PACER will send it to the court for set up.

   You will receive an email confirming your registration.

# Privacy Notice

## To Pro Se Litigants and Counsel of INTERNET Availability of Civil Case File Information

The United States District Court for the Northern District of Iowa makes the content of cases available on PACER. Any subscriber to PACER will be able to read, download, store and print the full content of documents filed into the electronic docket

To comply with the policy of the Judicial Conference of the United States and the E-Government Act, **filing parties shall omit**, or, where inclusion is **necessary**, partially redact (remove) the following personal data information from all pleadings, documents, and exhibits, whether filed electronically or on paper, unless the assigned judge orders otherwise:

1) Minors' names: Use the minors' initials (Only Initials);
2) Financial account numbers: Identifying the financial institution and name Or type of account, but use only the last four numbers of the account number;
3) Social Security numbers: Use only the last four numbers;
4) Dates of birth: Use only the year; and
5) Other data as permitted by order of the court.

Additionally, you should not include confidential information in any document filed with the court **unless** such inclusion is necessary and relevant to the case. You must remember that any personal information not otherwise protected will be made available over the Internet via WebPACER. You may omit or partially redact (remove) the following confidential information from all pleadings, documents, and exhibits, unless the assigned judge orders otherwise:

1) Personal identifying number, such as driver's license number;
2) Medical records, treatment and diagnosis;
3) Employment history;
4) Individual financial information; and
5) Proprietary or trade secret information.

The parties are solely responsible for any personal information filed. **The clerk's office will not review documents for compliance with this rule, seal on its own motion documents containing personal information, or redact documents, whether filed electronically or on paper.**

**SEALING OF DOCUMENTS**

The clerk's office will not make electronically available documents that have been sealed or otherwise restricted by court order. Rules relating to the sealing of documents are controlled by Rule 5(c) of the Local Rules of Civil Procedure for the Northern District of Iowa. A party wishing to file a document containing the personal information specified above may move for leave to file and unredacted document under seal. In granting the motion, the assigned judge may require the party to file a redacted copy for the public file.

## LR 7.1 DISCLOSURE STATEMENT

a. **Plaintiff's Disclosure Statement.** Within 21 days after a civil complaint is filed, each nongovernmental plaintiff that is not a natural person must file with the Clerk of Court a disclosure form containing the following:

1. The names of all associations, firms, partnerships, corporations, and other artificial entities that either are related to the plaintiff as a parent, subsidiary, or otherwise, or have a direct or indirect pecuniary interest in the plaintiff's outcome in the case; and

2. With respect to each such entity, a description of its connection to or interest in the litigation.

b. **Defendant's Disclosure Statement.** Within 30 days after service of a civil complaint on a nongovernmental defendant that is not a natural person, such defendant must file with the Clerk of Court a statement containing the following:

1. The names of all associations, firms, partnerships, corporations, and other artificial entities that either are related to the defendant as a parent, subsidiary, or otherwise, or have a direct or indirect pecuniary interest in the defendant's outcome in the case; and

2. With respect to each such entity, a description of its connection to or interest in the litigation.

c. **Intervenor's Disclosure Statement.** Concurrently with the filing of a request to intervene, each nongovernmental intervenor that is not a natural person must file with the Clerk of Court a statement containing the following:

1. The names of all associations, firms, partnerships, corporations, and other artificial entities that either are related to the intervenor as a parent, subsidiary, or otherwise, or have a direct or indirect pecuniary interest in the intervenor's outcome in the case; and

2. With respect to each such entity, a description of its connection to or interest in the litigation

d. **Disclosure Statement Forms.** The disclosure form is available on the courts' websites. The disclosure statement form is designed to enable the involved federal judges to evaluate possible bases for disqualification or recusal.

e. **Conflicts List.** After entering an appearance in a pending civil case, the lawyers for the parties must determine promptly if a presiding judge has filed a conflicts list with the Clerk of Court by doing one of the following:

1. Inspecting the conflicts information on the courts' websites; or

2. Inquiring of the Clerk of Court of the district.

If a conflicts list for the presiding judge has been filed with the Clerk of Court, the lawyer must review the list and notify the Clerk of Court immediately if it appears a presiding judge

may have a conflict with any association, firm, partnership, corporation, or other artificial entity either related to any party or having a pecuniary interest in the case.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**DIVISION**

| | |
|---|---|
| Plaintiff(s),<br><br>Plaintiff(s),<br><br>vs.<br><br>Defendant(s),<br><br>Defendant(s). | CASE NO. Case Number<br><br>**CORPORATE DISCLOSURE STATEMENT** |

As required by LR 7.1, Plaintiff/Defendant Party Name in this case, provides the following information to the court:

(a) *The following are the names of all associations, firms, partnerships, corporations, and other artificial entities that are either related to the party as a parent, subsidiary, or otherwise, or have a directed or indirect pecuniary interest in the outcome of the case:*

Enter the name of the associated entities

(b) *With respect to each entity named in response (a), the following describes its connection to or interest in the litigation, or both:*

Entity Description

Dated: Date

____________________________________
Attorney signature block information

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**DIVISION**

| | |
|---|---|
| Plaintiff(s),<br><br>Plaintiff(s),<br><br>vs.<br><br>Defendant(s),<br><br>Defendant(s). | CASE NO. Case Number<br><br>**CITIZENSHIP DISCLOSURE STATEMENT (Diversity Cases)** |

As jurisdiction in this case is based on diversity under 28 U.S.C. § 1332(a), pursuant to Federal Rule of Civil Procedure 7.1(a)(2), Plaintiff/Defendant Party Name provides the following information regarding its citizenship:

Name and citizenship for each individual and entity for this party

Dated: Date

_______________________________
Attorney signature block information

**INFORMATION ONLY – DO NOT FILE THIS ATTACHMENT**

The following citizenship information should be included for each party or intervenor:

***Individual persons***: The state in which the individual is a *citizen*, *domiciled*, or *resides*; alleging an individual is a resident of a state is not sufficient.[1]

Example: *Individual party name* resides in and is a citizen of *state*.

***Corporations***: The state(s) of incorporation and principal place of business.[2]

Example: *Corporate party* is incorporated in *state* with its principal place of business in *state*.

***Non-corporate entities*** (limited liability companies, partnerships, etc.): The citizenship of *each* member of the entity. [3] If a member of the non-corporate entity is a different non-corporate entity, the citizenship of each member of the underlying entity must also be listed (and so on and so forth).

Example: *Non-corporate entity*'s membership, and the citizenship of each of those members, is as follows:

*List each member and their citizenship.*

---

[1] *See* ***Reece v. Bank of New York Mellon***, 760 F.3d 771, 778 (8th Cir. 2014).

[2] **28 U.S.C. § 1332(c)(1)**.

[3] *See* ***GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.***, 357 F.3d 827, 828-29 (8th Cir. 2004); *see also* ***Americold Realty Trust v. Conagra Foods, Inc.***, 136 S. Ct. 1012, 1014-15 (2016).